UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MICHAEL ALLEN BAKER, | ) | | |
|---|---|---|---|
| *Plaintiff*, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:19-CV-522 |
| | ) | | |
| MONROE COUNTY JAIL, MONROE COUNTY SHERIFF, and MONROE COUNTY, TN, | ) | Judge Collier | |
| | ) | | |
| *Defendants*. | ) | | |

# **M E M O R A N D U M**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 2] and motion for leave to proceed *in forma pauperis* [Doc. 1].

**I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] is **GRANTED**.

Because Plaintiff is an inmate in the Loudon County Jail, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income

exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. PLAINTIFF'S ALLEGATIONS

While housed at the Monroe County Jail, Plaintiff "[g]ot into it with Cap. Davis" [Doc. 2 at 3–4]. Plaintiff alleges that Captain Davis "had other inmates attack" Plaintiff, leading to Plaintiff suffering a broken jaw and other injuries that required surgery at U.T. Hospital [*Id.*]. Plaintiff seeks monetary compensation for his pain and suffering [*Id.* at 5]. Named as Defendants in this action are the Monroe County Jail, the Monroe County Sheriff, and Monroe County, Tennessee [*Id.* at 3].

### B. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review

under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. ANALYSIS

First, a jail is not a "person" subject to liability under § 1983, and therefore, the Monroe County Jail will be **DISMISSED**. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (holding county jail is a department of the county and not a legal entity); *Cage v. Kent Cty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Second, the Court finds that Plaintiff's complaint contains no allegations of wrongdoing by the Monroe County Sheriff, and therefore, Plaintiff has not stated a claim against this Defendant. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a

3

complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Moreover, Plaintiff cannot seek to impose liability on this Defendant based only on his status as Sheriff, as a court may not impose liability under § 1983 based on theory of *respondeat superior* liability. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, the Monroe County Sheriff will be **DISMISSED**.

Finally, the Court notes that in order to hold Monroe County, Tennessee, responsible for the behavior of its employees, Plaintiff must allege that some official custom or policy of the County caused the alleged violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when the underlying violation resulted from "implementation of its official policies or established customs"). In this action, Plaintiff states only that Captain Davis, who is not a party to this lawsuit, had inmates attack Plaintiff after Plaintiff got into some sort of altercation with Captain Davis. He has not alleged any facts from which this Court could infer that this alleged constitutional violation occurred pursuant to any official custom or policy. Accordingly, Monroe County, Tennessee, will be **DISMISSED**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Court's financial deputy;

4

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**An appropriate order will enter.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**